UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NYCOCA C. HAIRSTON,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINE WORMUTH, Secretary, U.S. Department of the Army et al.<br><br>    Defendants. | Case No. 3:22-cv-00111<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Before the Court in this employment discrimination action are pro se Plaintiff Nycoca C. Hairston's motion for an extension (Doc. No. 26), fourth motion for appointment of counsel (Doc. No. 31), and motion for summary judgment (Doc. No. 32). Hairston's motion for an extension has already been granted by the Court's prior order (Doc. No. 27). For the reasons that follow, her fourth motion for appointment of counsel will be denied without prejudice, and her motion for summary judgment will be administratively terminated.

**I.     Relevant Background**

Hairston asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 against Defendants Secretary of the Army Christine Wormuth, Secretary of Defense Lloyd J. Austin, and Attorney General Merrick B. Garland, arising out of Hairston's employment as a logistics management specialist for the United States Army at Camp Arifjan in Kuwait. (Doc. No. 1.) The Court referred this action to the Magistrate Judge to oversee service of process, enter a scheduling order for case

management, and dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 5.)

Hairston has twice moved for entry of default against Wormuth under Federal Rule of Civil Procedure 55(a) (Doc. Nos. 10, 29). The Clerk of Court has denied these motions, explaining that Hairston's attempt to serve Wormuth by USPS Priority Mail Express does not comply with Federal Rule of Civil Procedure 4(i), which requires service by registered or certified mail (Doc. Nos. 13, 33 (citing Fed. R. Civ. P. 4(i)(1) and (2))).

On November 29, 2022, before Hairston filed her second motion for entry of default (Doc. No. 29), the Court ordered Hairston "to file a notice by December 13, 2022, informing the Court of her plans to prosecute this action, including any plans to file a motion for entry of default under . . . [Rule] 55(a)." (Doc. No. 25, PageID# 103.) On January 20, 2023, the Court received a filing from Hairston stating that she had "just learned [that she] missed a submission date of December 13, 2022[,]" asking the Court "to accept [her] answer at this time[,]" and stating her intention to file another motion for entry of default. (Doc. No. 26, PageID# 105.) The same filing included an affidavit Hairston executed in support of entry of default (Doc. No. 26). In a January 23, 2023 order, the Court mistakenly construed Hairston's January 20, 2023 motion for an extension as "a motion for entry of default" and stated that the Court would "consider Hairston's motion as timely filed." (Doc. No. 27, PageID# 111.) Hairston did not file her second motion for entry of default until February 10, 2023 (Doc. No. 29).

The defendants responded in opposition to Hairston's second motion for entry of default, arguing that Hairston has failed to effect proper service of process on the defendants. (Doc. No. 30.) The Clerk of Court denied Hairston's second motion for entry of default without prejudice

2

to refiling, finding that Hairston's attempt to serve Wormuth by USPS Priority Mail Express was insufficient.[1] (Doc. No. 33.)

Hairston filed a fourth motion for appointment of counsel on January 20, 2023. (Doc. No. 31.) Hairston argues that appointment of counsel is warranted because she does "not have the financial [ ] or cognitive ability" to represent herself in this action. (*Id.* at PageID# 120.) Hairston states that she is a "100% Disabled Veteran" with "extenuating health issues" and has been diagnosed with major depressive disorder as a result of the "traumatizing experience named in this lawsuit . . . ." (*Id.* at PageID# 120–21) She also argues that she lacks legal knowledge and that, in July 2021, she lost her home and possessions in a fire. (Doc. No. 31.)

On March 24, 2023, the Court received a filing from Hairston "request[ing] summary [ ] judgement [sic]" against the defendants in this action. (Doc. No. 32, PageID# 123.) The defendants have not responded in opposition to this motion.

## II. Analysis

### A. Motion for Extension

Hairston's January 20, 2023 motion asking the Court to accept her untimely notice of her plans to prosecute this action is best construed as a motion for an extension. (Doc. No. 26.) The Court effectively granted Hairston's motion for an extension on January 23, 2023, by stating that it would consider Hairston's filing timely. (Doc. No. 27.) The Clerk of Court will therefore be directed to update the docket to reflect that Hairston's motion is a motion for an extension and that the motion has been granted.

---

[1] The Clerk of Court found that "it appears as if [Hairston] complied with" Rule 4(i)(1)(B)'s requirement to send a copy of the complaint and summons to the Attorney General of the United States by registered or certified mail. (Doc. No. 33, PageID# 131 (citing Doc. No. 19, PageID# 79–81).)

### B.     Fourth Motion for Appointment of Counsel

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

Hairston argues that appointment of counsel is warranted because she cannot afford an attorney, lacks legal knowledge, is disabled, has extenuating health issues including depression, and is still recovering from a 2021 fire in which she lost her home and all of her belongings. (Doc. No. 31.)

The Court explained in denying Hairston's prior motions to appoint counsel that Hairston's inability to afford counsel is not an exceptional circumstance under the relevant standard. (Doc. Nos. 16, 24.) The Court also found that "Hairston has shown by her pleadings and motions filed to date that she can communicate with the Court effectively." (Doc. No. 16, PageID# 57.) Hairston's lack of legal knowledge, disability, health issues, and housing challenges are circumstances common to many pro se plaintiffs, most of whom will not be appointed counsel.

Hairston has not shown that exceptional circumstances exist at this time, and her fourth motion for appointment of counsel will be denied without prejudice.

### C. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(b) provides that, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The defendants in this action have not yet responded to Hairston's complaint, and the Court has not yet entered a scheduling order. Hairston's motion for summary judgment is therefore premature, and the Court will direct the Clerk of Court to administratively terminate the motion without prejudice to refiling.

## III.   Conclusion

For these reasons, the Clerk of Court is DIRECTED to update the docket to reflect that Hairston's January 20, 2023 motion (Doc. No. 26) is a motion for an extension that the Court granted in its January 23, 2023 order (Doc. No. 27). The Clerk of Court is also DIRECTED to ADMINISTRATIVELY TERMINATE Hairston's motion for summary judgment (Doc. No. 32).

Hairston's fourth motion for appointment of counsel (Doc. No. 31) is DENIED WITHOUT PREJUDICE.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge