IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NYCOCA C. HAIRSTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTINE WORMUTH, Secretary of )<br>the Army, et al., )<br>)<br>Defendants. ) | Case No. 3: 22-cv-00111<br>Judge Aleta A. Trauger |

## MEMORANDUM

Plaintiff Nycoca Hairston has filed suit in this court alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Acct of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), arising from, among other events, the termination of her employment with the U.S. Army in June 2021. (*See generally* Doc. No. 43, Second Amended Complaint ("SAC").) Now before the court is the Motion to Transfer Venue to More Appropriate Forum and for Dismissal (Doc. No. 55), filed by defendants Christine Wormuth, Secretary, United States Department of the Army; Lloyd Austin III, Secretary, United States Department of Defense; Merrick Garland, U.S. Attorney General; and Mercedes Maynor-Faulcon, Assistant U.S. Attorney.[1]

Initially, the defendants' motion argues that, for purposes of the plaintiff's claims under both Title VII and the ADEA, Wormuth, as Secretary of the Army, is the only properly named defendant in this action. In her Response to the Motion to Dismiss, the plaintiff expressly agrees

---

[1] The court has already granted the separately filed and unopposed Motion to Dismiss by Tennessee Attorney General Jonathan Skrmetti, who was also named as a defendant in the plaintiff's Second Amended Complaint.

that the defendants' Motion to Dismiss should be granted as to all defendants named in this action other than Wormuth. Accordingly, the court will dismiss the claims against defendants Austin, Garland, and Maynor-Faulcon without further discussion and will refer herein to defendant Wormuth, in the singular, as "the defendant."

The court further finds, as set forth herein, that transfer under 28 U.S.C. § 1406(a) is appropriate, rather than dismissal under either that statute or for failure to exhaust.

I.  BACKGROUND

Nycoca Hairston is a resident of Clarksville, Tennessee. (SAC ¶ 2.) She is a former GS-13 Army civilian Logistics Management Specialist with the 401st Army Field Support Brigade in Camp Arifjan, Kuwait. (SAC ¶ 4.) The SAC sets forth claims for race and gender discrimination and retaliation in violation of Title VII, and age discrimination in violation of the ADEA, based upon events that occurred during the spring and summer of 2021, culminating in her termination on June 11, 2021. (SAC ¶ 32.)

The plaintiff alleges that she made an initial informal complaint with the Army's Equal Employment Office ("EEO") and that the EEO then issued her a Notice of Right to File a Formal Complaint on June 28, 2021. (SAC ¶ 36.) The plaintiff thereafter filed her Formal Complaint, and the EEO dismissed it on July 29, 2021. (*See generally* SAC Ex. A, Doc. No. 43-1, at 3–6.) The dismissal was based on the plaintiff's failure to timely file her Formal Complaint with the EEO within fifteen days of her receipt of her Notice of Right to File a Formal Complaint. According to the EEO, the plaintiff filed her Formal Complaint one day after the fifteen-day limitations period had elapsed. (Doc. No. 43-1, at 5.) The U.S. Equal Employment Opportunity Commission ("EEOC") affirmed the dismissal on that basis and issued the plaintiff notice of her right to file suit in federal court on November 29, 2021. (SAC Ex. A, Doc. No. 43-1, at 7–13.)

The plaintiff initiated this lawsuit within the allotted ninety calendar days for doing so by filing her original *pro se* Complaint in this court on February 18, 2022. (*See* Doc. No. 1.) She filed the SAC in September 2023. After finally being served with process in October 2023 (after the court extended the service deadline several times), the defendant filed the pending Motion to Transfer Venue to More Appropriate Forum and for Dismissal in lieu of an answer on December 11, 2023. Counsel entered an appearance on behalf of the plaintiff on December 5, 2023. (Doc. No. 54.)

**II.     MOTION AND RESPONSE**

Wormuth moves to dismiss the claims against her under Rule 12(b)(3), based on improper venue, or for transfer of the case to a district where venue is proper, under 28 U.S. C. § 1406(a). Alternatively, she argues that the case should be dismissed for failure to timely exhaust administrative remedies, based on the EEO's dismissal of the plaintiff's Formal Complaint of discrimination as untimely.

In response, the plaintiff states that she "has no defense to Defendants' venue argument" but then argues that the defendant "waived venue by asking the court to make rulings on matters that have nothing to do with venue." (Doc. No. 59, at 5.) She also argues that the defendant failed to challenge personal jurisdiction at the same time as venue, as a result of which, according to the plaintiff, the defendant "subjected [herself] to the court's jurisdiction over the matters and waived [her] venue defense." (*Id.* at 7 (citing *Hamm v. Wyndham Resort Dev. Corp.*, No. 3:19-cv-00426, 2020 U.S. Dist. LEXIS 188027 at *18 (M.D. Tenn. October 9, 2020)).) The plaintiff also argues that the defendant's motion under Rule 12(b)(6) for failure to exhaust is premature,[2] as exhaustion

---

[2] The plaintiff also incorrectly states that the defendant seeks dismissal for failure to exhaust as a matter of subject matter jurisdiction. In fact, the defendant does not characterize the exhaustion requirement as jurisdictional.

is an affirmative defense with respect to which she should be permitted to present proof and argument as to whether equitable tolling should be applied to excuse her failure to meet the filing deadline.

In her Reply, the defendant points out that her argument that venue in this court is improper is premised upon the specific venue provision in Title VII and, further, that she has properly raised all her bases for dismissal under Rule 12 in one motion, thus waiving none of them. The defendant also acknowledges that failure to exhaust is an affirmative defense as to which the defendant bears the burden of proof, but she argues that it is clear from the face of the Complaint and exhibits attached thereto that dismissal is appropriate.

## III.   ANALYSIS

### A.   Improper Venue

Under Rule 12, a defendant may move to dismiss the plaintiff's complaint "for improper venue." Fed. R. Civ. P. 12(b)(3). When a defendant asserts that venue is improper in the court in which a lawsuit is filed and seeks dismissal pursuant to Rule 12(b)(3), "the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Gone To The Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006) (quoting *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002)).

While Rule 12(b)(3) provides the "procedural vehicle" for challenging improper venue, the actual requirements for venue and the remedies available for improper venue are set by statute. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). Section 1406(a), which the defendant invokes, applies where venue is improper rather than merely inconvenient. This provision states simply: "The district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

And the determination of whether venue is proper, again, is governed by statute. Under the so-called "general" venue statute, "except as otherwise provided by law," a civil action in which a defendant is an officer or employee of the United States acting in his official capacity may be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

However, Title VII contains a specific statutory venue provision governing Title VII claims: 42 U.S.C. § 2000e-5(f)(3). Because Congress has set out a specific venue provision within Title VII for claims arising under that statute, the general venue provisions set out in 28 U.S.C. § 1391 do not control the issue of proper venue. *See Downing v. Foley & Lardner LLP*, No. 09-14351, 2010 WL 1494767, at *3 (E.D. Mich. Apr. 9, 2010) ("Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions.").

Under Section 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four possible judicial districts: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or, (4) if the defendant is not found within any district under the first three possibilities, within the

judicial district in which the respondent has his principal office. 42 U.S.C. § 2000eB5(f)(3);[3] *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 959 (M.D. Tenn. 2008).

Nothing in the SAC or the plaintiff's response to the defendant's motion suggests that her Title VII claims may be brought within the Middle District of Tennessee under any of the venue rules set out in 42 U.S.C. § 2000e-5(f)(3). First, the claims are based entirely upon events that occurred in Kuwait. Second, nothing in the pleading or Response to the Motion to Dismiss suggests that employment records relevant to the plaintiff's employment in Kuwait or the allegedly unlawful employment practices engaged in by the Army in Kuwait would be maintained and administered in this district. Kuwait appears to be where the plaintiff would have continued to work but for the alleged unlawful employment practice. The only apparent connection between Tennessee and the plaintiff's claims is that the plaintiff now resides in this district. However, the district of a plaintiff's residence does not provide a basis for venue under Title VII's venue provision.

The fourth prong of the specific Title VII venue provision states: "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). The principal office of the Secretary of the Army is at the Pentagon in Arlington, Virginia. *Accord Ellis-Smith v. Sec'y of*

---

[3] 42 U.S.C. § 2000e-5(f)(3) provides:

Each United States district court . . . shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011). Arlington, Virginia is located in the Eastern District of Virginia. 28 U.S.C. § 127(a). Accordingly, the Eastern District of Virginia is the only appropriate venue for the plaintiff's Title VII claims.

The plaintiff also brings a claim under the ADEA, and it is "generally true that venue, like personal jurisdiction, must be proper as to each claim and as to each defendant." *Hamm v. Wyndham Resort Dev. Corp.*, No. 3:19-cv-00426, 2020 WL 5995050, at *7 (M.D. Tenn. Oct. 9, 2020) (citing *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014)). And claims under the ADEA, which does not have its own venue provision, are subject to the general venue statute, 28 U.S.C. § 1391. The question, then, is which of these statutes takes precedence.

Regarding that issue, the court notes, first, that the plaintiff affirmatively states that she "has no defense" to the defendant's venue argument and instead contends that, by failing to challenge jurisdiction and instead challenging only venue, the defendant has waived its ability to challenge jurisdiction and thus waived her venue defense. That argument appears to be premised upon the incorrect presumption that the venue provision in § 1391(b) applies to her claims. Under that subsection, venue may lie in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). This subsection, however, has no application in this case, and the defendant's failure to object to personal jurisdiction does not amount to a waiver of her motion under § 1406(a).

The plaintiff also appears to be arguing that, because the defendant raised the objection to the plaintiff's suing the other improperly named defendants *before* raising the venue argument, she somehow waived her objection to venue, even though these defenses were raised in the same motion. (*See* Doc. No. 59, at 6–7 ("Instead of submitting [their] defense or objection to venue in [their] "Motion to Transfer Venue" earlier in the Motion itself or by filing a separate Motion for

Transfer, the Defendants try to wiggle their Motion for Improper Venue in with the Motion to Dismissal of 'improperly listed defendants.'").) This argument is utterly without merit. Rule 12(g) requires that, with certain exceptions, a party that has made a motion under Rule 12 "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(1)(A) provides that a party waives any defense, including a defense of improper venue, if it omits that defense "from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). However, Rule 12 also provides very specifically both that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion" and that "[a] motion under this rule may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(b) & (g)(1). Rule 12 says nothing about the order in which arguments within a single motion must be presented in order to avoid waiver. This argument fails.

The question of the interplay between the two venue statutes at issue remains to be resolved. Although the Sixth Circuit does not appear to have addressed the issue, district courts around the country have "generally taken one of two approaches" to a situation in which different venue provisions apply to different claims within one lawsuit. *Lengacher v. Reno*, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999). As the court explained in *Lengacher*, "some courts have held that when one claim is subject to a specific venue provision, and the other is not, the more specific venue provision controls," and others, "following the lead of the District Court for the District of Columbia, determine which of the two or more claims in the complaint is the 'primary' claim, and apply the venue statute applicable to that claim to all the claims." *Id.* (collecting cases). Here, under either approach, the venue statute in Title VII is controlling, both because it is more specific and

Case 1:24-cv-00712-MSN-IDD Document 66 Filed 04/25/24 Page 9 of 11 PageID# 320

9


because it is clear from the face of the SAC that the plaintiff's Title VII claims are primary to her ADEA claim.

Moreover, while the specific venue provisions of Title VII provide that the *only* proper venue for the plaintiff's Title VII claims is the Eastern District of Virginia, the more general venue statute applicable to her ADEA claim provides that venue is proper in both this district *and* the Eastern District of Virginia, since the Secretary of the Army sued in her official capacity is deemed to "reside" in the district in which she maintains her principal office. *See Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 464 (S.D.N.Y. 2005) ("[V]enue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed."). As a matter of efficiency, it makes sense to transfer the entire case to a district where all of the plaintiff's claims could have properly been brought.

B.  **Dismissal or Transfer**

Which brings the court to the next question: whether to transfer or dismiss this action. As set forth above, Section 1406(a) provides that a district court "shall dismiss, or if it be in the interest of justice, transfer" a case brought in the wrong district "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case could have been brought in the Eastern District of Virginia.

Generally, the decision whether to dismiss or transfer lies within the district court's discretion. *Stanifer v. Brannan*, 564 F.3d 455, 456 (6th Cir. 2009). However, "[d]oubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer." *Neely v. MRI Software, LLC*, No. 1:23 CV 00311, 2023 WL 4826547, at *6 (N.D. Ohio July 27, 2023) (quoting *Delta Media Grp., Inc. v. The Kee Grp., Inc.*, No. 5:07-CV-01597, 2007 WL 3232432, at *6 (N.D. Ohio Oct. 31, 2007)).

In this case, the defendant's best argument for dismissal rather than transfer is that the plaintiff's claims are also subject to dismissal for failure to exhaust, such that transfer would simply postpone the inevitable. The law is clear that the plaintiff, as a federal employee, must file her Formal EEO Complaint within fifteen days of her receipt of the Notice of Right to File Formal Complaint. 29 C.F.R. § 1614.106(b). Failure to properly and timely exhaust administrative remedies subjects a judicial complaint to dismissal. *See, e.g.*, *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976) (noting that an aggrieved federal employee must meet administrative preconditions before filing a claim of employment discrimination); *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) ("'The right to bring an action under Title VII regarding equal employment [opportunity] in the federal government is predicated upon the timely exhaustion of administrative remedies, as set forth in [the EEOC regulations].'" (quoting *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) (alterations in original)).

As the plaintiff argues, however, failure to exhaust is an affirmative defense, and equitable tolling may, in rare cases, form the basis for extending a filing deadline. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Gordon v. England*, 354 F. App'x 975, 980 (6th Cir. 2009); *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001) ("This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly."). Although the exhibits filed with the plaintiff's pleadings show that the EEO dismissed her claims based on the plaintiff's having filed an untimely Formal Complaint, and the plaintiff does not actually dispute that her filing was one day late, it is not apparent from the record that the plaintiff has had a full opportunity to argue that equitable tolling should apply to extend the filing deadline by one day. While it may be that a "garden variety claim of excusable neglect" by the plaintiff's attorney was the cause of

the missed deadline, which would not establish a basis for tolling, *Irwin*, 498 U.S. at 96, the plaintiff's pleadings and exhibits attached thereto do not reveal the reason for the missed deadline.

Under these circumstances, the court will deny, at this stage, the defendant's alternative motion for dismissal for failure to exhaust, and will transfer the case rather than dismissing it under 28 U.S.C. § 1406(a).

## IV.   CONCLUSION

As set forth herein, the Motion to Transfer Venue and for Dismissal (Doc. No. 55) will be granted, insofar as it seeks dismissal of inappropriately named defendants and transfer of the case under 28 U.S.C. § 1406(a), but the alternative motion for dismissal either under § 1406(a) or for failure to exhaust, under Rule 12(b)(6), will be denied. All defendants other than Christine Wormuth, in her official capacity as Secretary of the Army, will be dismissed, and this case will be transferred in the interests of justice to the United States District Court for the Eastern District of Virginia, Alexandria Division.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge