UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NYCOCA C. HAIRSTON, *Plaintiff*, <br><br> v. <br><br> CHRISTINE WORMUTH, *Defendant*. | No. 1:24-cv-712-MSN-IDD |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF 69) and Plaintiff's Rule 56(d) Motion to Delay Consideration of Defendant's Motion Until Appropriate Discovery Has Been Completed (ECF 74). Plaintiff Nycoca Hairston, proceeding *pro se*, alleges employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") relating to her employment with the U.S. Army in June 2021. For the reasons that follow, this Court will grant Defendant's motion to dismiss, deny Plaintiff's Rule 56(d) motion, and dismiss Plaintiff's claims.

**I.   BACKGROUND**

    **A.   Factual Background[1]**

Plaintiff Nycoca C. Hairston ("Hairston" or "Plaintiff") is an African American female who served as a GS-13 Army civilian Logistics Management Specialist for the 401st Army Field Support Brigade in Camp Arifjan, Kuwait. ECF 43 ¶¶ 4, 6. The Army rehired Hairston in the fall

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). The Court also considers Plaintiff's EEO Formal Complaint (ECF 70-1) and Notice of Right to File a Formal Complaint (ECF 70-2) as integral to the complaint.

of 2020, after wrongfully terminating her in 2018. *Id.* at ¶¶ 4, 8. At the time of her rehire, Hairston was around 48-49 years old. *Id.* at ¶ 6. Hairston claims that after she was rehired she faced "continued discrimination, sexual harassment and hostile environment and another wrongful termination due to prior protected activities and complaints made to Congress, Inspector General, Military Police and EEO." *Id.* at ¶ 11. Hairston was ultimately terminated on June 11, 2021. *Id.* at ¶ 32.

Following Hairston's termination in 2021, she filed an informal complaint with the Army's Equal Employment Office ("EEO") alleging that the "Agency subjected her to retaliation, discrimination, intentional hostile work environment, age discrimination and wrongful termination based on race (African America), color, Black, sex (Female), age (48) and reprisal from protected activity." *Id.* at ¶ 5; ECF 70 at 3. On June 28, 2021, Hairston received a Notice of her right to file a formal complaint within fifteen days. ECF 43 at ¶ 36; ECF 70-2 (Notice of Right to File). But Hairston missed the fifteen-day deadline by one day, filing her formal complaint on July 14, 2021. *See* ECF 70-1 (Formal Complaint of Discrimination). Because of the late filing, the EEO dismissed the Formal Complaint on July 29, 2021. ECF 43-1. The U.S. Equal Employment Opportunity Commission ("EEOC") affirmed. *Id.*

**B.    Procedural History**

    **1.   Middle District of Tennessee**

Hairston, *pro se*, filed suit on February 18, 2022, in the U.S. District Court for the Middle District of Tennessee alleging (1) sexual harassment in violation of Title VII; (2) discrimination in violation of Title VII and the ADEA; and (3) wrongful termination. ECF 43 at 2-5.[2] On December 11, 2023, Defendants moved to transfer venue and for dismissal. ECF 56.

---

[2] Hairston initially only named Christine Wormuth, Secretary for the Department of the Army, as the sole Defendant (ECF 1), but thereafter amended her complaint twice, first to add Secretary of Defense Lloyd Austin and Attorney

Judge Aleta A. Trauger granted Defendants' motion in part, ordering the case transferred to the Eastern District of Virginia. ECF 66. Judge Trauger also dismissed claims as to all Defendants other than Wormuth. *Id*.[3] But Judge Trauger did not rule on the remaining dismissal argument—that Plaintiff's claims must be dismissed because she failed to timely exhaust her administrative remedies. ECF 56 at 7. That Court acknowledged that Plaintiff filed an untimely Formal Complaint but noted that "it is not apparent from the record that the plaintiff has had a *full opportunity* to argue that equitable tolling should apply to extend the filing deadline by one day." ECF 66 at 10 (emphasis added). This question was thus left for this Court to resolve.

### 2. EDVA

After the case was transferred, Defendant again moved to dismiss, or in the alternative for summary judgement. ECF 69. Plaintiff moved for a third time to amend her complaint (ECF 73), but Magistrate Judge Ivan D. Davis denied Plaintiff's motion on the ground that "Plaintiff does not add any new facts, particularly in regard to whether she timely filed her formal complaint of discrimination with the EEOC and whether she exhausted her administrative remedies." ECF 79. Plaintiff also filed a Rule 56(d) Motion to Delay Consideration of Defendant's motion, until appropriate discovery has been completed, which remains before this Court. ECF 74.

## II.   LEGAL STANDARD

### A.   Request under Fed. R. Civ. P. 56(d)

Federal Rule of Civil Procedure 56(d) gives the Court discretion to deny or delay a summary judgment motion or to allow a nonmovant to take discovery if the "nonmovant shows .

---

General Merrick Garland (ECF 39) and then to add Tennessee's Attorney General and an Assistant U.S. Attorney (ECF 43).
[3] Judge Trauger had previously dismissed claims as to Tennessee Attorney General Jonathan Skrmetti who was named in Plaintiff's Second Amended Complaint. ECF 65.

. . that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d) (emphasis added); *see Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).

### B. Motion to Dismiss

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

The Court may properly consider documents attached to a motion to dismiss "when the document is 'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge [the document's] authenticity.'" *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). A document is integral to a complaint when "its very existence, and *not the mere information it contains*, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original; internal citations and quotations omitted).

## III. ANALYSIS

### A. 56(d) Motion

This Court will deny Plaintiff's Rule 56(d) motion because Plaintiff has not demonstrated that discovery is needed. As Defendant notes, "The only information needed for Plaintiff to

adequately respond to the motion is the formal complaint of discrimination itself and any evidence that Plaintiff timely filed it or is entitled to equitable tolling—all of which, to the extent it exists, would already be in Plaintiff's possession." ECF at 76 3-4. But Plaintiff has failed to indicate that there is any evidence entitling her to equitable tolling. Plaintiff may not "simply demand discovery for the sake of discovery." *Johnson v. Wolfe*, 2014 WL 2651184, at *2 n.2 (D. Md. June 11, 2014) (citation omitted). Accordingly, the Court will deny Plaintiff's motion.

### B. Motion to Dismiss[4]

Federal employees raising claims under Title VII or the ADEA must exhaust administrative remedies before filing suit in federal court. *See, e.g.*, *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). First, individuals alleging discriminatory or retaliatory acts must contact their EEO office within 45 days of such acts. 29 C.F.R. § 1614.105(a)(1). Then, an employee must file a formal complaint with the agency within fifteen days of receiving notice to do so. 29 C.F.R. § 1614.106. If a plaintiff does not file a formal complaint within the fifteen-day period, they have failed to exhaust their claims. *See, e.g.*, *Noel v. Huston*, 2013 WL6147819, at *2-3 (D. Md. Nov. 21, 2013) (dismissing claims for failure to exhaust where plaintiff filed a pre-complaint but failed to file a formal complaint). The fifteen-day deadline is a strict requirement and even filing one-day late will result in dismissal of any resulting action in federal court, absent equitable tolling. *See, e.g.*, *Blount v. Shalala*, 32 F. Supp. 2d 339, 341–42 (D. Md. 1999), aff'd 199 F.3d 1326 (4th Cir. 1999) (dismissing suit where plaintiff filed formal complaint one day late and could not demonstrate entitlement to equitable tolling).

---

[4] In considering Defendant's Motion to Dismiss, the Court has properly considered the two exhibits attached to Defendant's Motion, because they are integral to the complaint. *See* ECF 70-1 and 70-2. *See e.g.*, *Prosa v. Austin*, Civ. A. No. ELH-20-3015, 2022 WL 394465, at *14 (D. Md. Feb. 8, 2022) (considering various EEO documents, including a final agency decision, on a Rule 12(b)(6) motion because the documents were "referenced in the Complaint or otherwise integral to plaintiff's claim"). The Court has therefore not converted the proceeding to one for summary judgment.

Here, Plaintiff fails to allege that she filed her Formal Complaint within the required fifteen-day window. Instead, Plaintiff admits that she filed her Formal Complaint late. ECF 43 at 3, ¶ 21 ("Attached is the notice of dismissal for timeliness showing the right to file, and the dismissal due to the Plaintiff attorney filing the Notice of Right to File late). Plaintiff's only saving grace would be to establish that she has "'pursued [her] rights diligently and extraordinary circumstances prevented [her] from filing on time.'" *Jordan v. Dep't of the Army*, 2019 WL 5566523, at *7–8 (E.D. Va. Oct. 28, 2019) (quoting *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016)). In other words, it is Plaintiff's burden to adequately allege equitable tolling. *See Raplee*, 842 F.3d at 333. But Plaintiff has failed to meet that burden. Plaintiff has not alleged anything to excuse her late filing, apart from hinting that it was her attorney's fault. ECF 43 at 3, ¶ 21. That is not enough. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 90 (1990) ("Federal courts have typically extended equitable relief only sparingly … [and] "a garden variety claim of excusable neglect [does not suffice]."). Her suit must therefore be dismissed.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Rule 56(d) Motion (ECF 74) is **DENIED**; it is further

**ORDERED** that Defendant's Motion to Dismiss (ECF 69) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (ECF 43) is **DISMISSED**.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

October 30, 2024
Alexandria, Virginia